Ford Elsaesser, ISB #2205
Bruce A. Anderson, ISB #3392
ELSAESSER JARZABEK ANDERSON
ELLIOTT & MACDONALD, CHTD.
123 South Third Avenue, Suite 24
P. O. Box 1049
Sandpoint, ID  83864
Tel:    (208) 263-8517
Fax:    (208) 263-0759

Attorneys for Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re:<br><br>THE ROMAN CATHOLIC DIOCESE OF HELENA, MONTANA, a Montana religious corporation sole,<br><br>    Debtor | Chapter 11<br><br>Case No. 14-60074 |

## MOTION FOR APPOINTMENT OF FUTURE CLAIMS REPRESENTATIVE AND OPPORTUNITY TO OBJECT AND FOR A HEARING

The Roman Catholic Diocese of Helena, Montana, a Montana religious corporation sole, (the "Debtor"), moves the Court for an order appointing Michael R. Hogan ("Hogan") as the legal representative in this case ("Future Claims Representative" or "FCR") for the following described persons holding Claims against the Debtor:

> Persons holding Claims against the Debtor resulting or arising, in whole or in part, from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, lascivious behavior, undue familiarity, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, assault, battery, corporal punishment, or other act of physical, psychological, or emotional abuse, humiliation, or intimidation or any other misconduct and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory or other theory based on any acts or failures

to act by the Debtor or any other person who the Debtor is allegedly responsible for, who neither timely file nor are deemed to have timely filed (e.g., due to excusable neglect) a proof of claim on or before the Claims Bar Date or files a proof of claim after the Claims Bar Date; and:

    (a)    are under eighteen years of age before the Claims Bar Date;

    (b)    neither discovered nor reasonably should have discovered before the Claims Bar Date that his or her injury was caused by an act of childhood abuse; or

    (c)    have a claim that was barred by the applicable statute of limitations as of the Claims Bar Date but is no longer barred by the applicable statute of limitations for any reason, including for example the passage of legislation that revives such claims.

For the purposes of this Motion, such persons are referred to as "Future Tort Claimants" and their claims as "Future Tort Claims."

The grounds for this motion are as follows:

1. The Debtor has been involved in litigation and claims brought by approximately 362 persons alleging abuse, with such abuse mainly having occurred during the childhood of such claimants primarily between the 1930's through the 1970's by clergy and others for whom the Debtor was claimed to have responsibility, such as persons working for other orders or missions within the geographical boundaries of the Debtor. There are or may be other claims not yet filed. In this case, subject to the ultimate approval by the Bankruptcy Court of the Debtor's disclosure statement to be filed herein, and subject further to such final orders confirming the plan of the Debtor, and subject to approval of certain insurance settlements, as that term shall be defined in said disclosure statement, proposed settlements have been reached with the overwhelming majority of abuse claimants, as well as proposed settlements with six

insurance carriers and the Montana Insurance Guaranty Association, pending such Bankruptcy Court approvals.

2. The Debtor believes there has been extensive notice of the ability to bring claims or lawsuits against the Debtor due to the significant outreach done by the attorneys representing the overwhelming majority of known abuse claimants; however, there may be additional claims unknown to anyone involved in this Chapter 11 proceeding.

3. Reasonably contemporaneously herewith, the Debtor will file its motions for Orders: (1) Setting a Claims Bar Date for Filing Proofs of Claim; and (2) Approving Proofs of Claim Forms, Bar Date Notices, and Notice Procedures ("Claims Bar Date Motion").

4. One of the primary reasons for seeking relief under Chapter 11 was to enable the Debtor to use the Chapter 11 process to fairly evaluate and approve proposed settlements and payments of all abuse claims asserted against it, as well as to determine the extent of the Debtor's liability to claims, and to address all other claims against the Debtor in a fair and equitable manner, as well as resolving all outstanding insurance coverage issues with regard to said claims through the proposed insurance settlements that are being finalized; and to fairly address all claims, including Future Tort Claims unknown to any of the parties participating in this Chapter 11 process.

5. The appointment of a Future Claims Representative is necessary to provide for a fair and equitable treatment of Future Tort Claimants. The Future Claims Representative will serve to protect the interests of said claimants; will assure that they are permitted to appear and be heard on any issue that might affect their interests; and will facilitate the administration of this case. Such appointment would ensure that the

Debtor, with the consent of other parties in the case, incorporates into the disclosure statement and plan, the method of evaluation, determination, and payment of such Future Tort Claims.

6. The Future Claims Representative's responsibilities and duties should include the following:

    6.1 Undertaking an investigation and analysis to assist the Court in determining the estimated number of Future Tort Claims and claim amounts held by the Future Tort Claimants;

    6.2 Filing Proofs of Claim on behalf of all Future Tort Claimants by the Claims Bar Date or any Court-ordered extension thereof;

    6.3 Negotiating with the Debtor and other appropriate parties the plan provisions for the evaluation, determination, and amounts of Future Tort claims and number of Future Tort Claimants;

    6.4 Advocating the legal position of the Future Tort Claimants before this Court, and if necessary, filing pleadings and presenting evidence on any issue affecting the claims of the Future Tort Claimants;

    6.5 Taking all other legal actions reasonably necessary to represent the interests of the Future Tort Claimants; and

    6.6 The Future Claims Representative, if appointed, shall serve as an independent fiduciary acting on behalf of all Future Tort Claimants, and he will act solely on behalf of such Future Tort Claimants.

7. The Debtor believes that Hogan is the appropriate person to perform the duties of the Future Claims Representative. Hogan, who retired as a United States

District Judge for the District of Oregon in October 2012, has extensive experience with regard to abuse claims, and is fully familiar with the issues as to why a Future Claims Representative representing the interests of Future Tort Claimants is necessary and appropriate in this matter. Hogan has mediated hundreds of sexual abuse claims, clergy-related, and otherwise, including numerous such claims in the "Portland, Oregon, Diocese case" (*In re: Roman Catholic Archbishop of Portland in Oregon*, Case 04-37154-ELP11, U. S. Bankruptcy Court, District of Oregon) and currently is serving as the claims adjudicator for future claimants in the "Spokane Diocese case" *(In re: The Catholic Bishop of Spokane, aka The Catholic Diocese of Spokane*, Case No. 04-08822-FPC11, U. S. Bankruptcy Court, Eastern District of Washington).

8. The Debtor believes that Hogan's experience with regard to these types of claims as set out in his Declaration, as well as his knowledge based on his current service in the Spokane Diocese case and his involvement in the mediation of hundreds of other sexual abuse claims, will support a showing that he is fully qualified to serve as Future Claims Representative.

9. Hogan has indicated his willingness to serve as Future Claims Representative and to receive compensation for services rendered at the hourly rate of $450 which is a substantial discount of his current fee arrangements for services as a private mediator. His services, upon his appointment and compensation for fees and expenses, will be subject to the provisions of 11 USC §§ 327-331 of the Bankruptcy Code and Bankruptcy Rules 2014-2017, as well as all applicable Local Rules.

10. To the best knowledge and belief of the Debtor, and as is set out in the Declaration of Michael R. Hogan, filed herewith, Hogan is a disinterested person with

regard to this case. Hogan does not have any relationship with any of the parties and claimants within the case. The connections of Hogan to counsel in the case is set out in detail in the Declaration of Michael R. Hogan, filed herewith, in anticipation that an application for employment as set out in paragraph 9 herein, would be filed if Hogan is appointed pursuant to this motion.

WHEREFORE, the Debtor respectfully requests that the Court approve Michael R. Hogan as the Future Claims Representative in this case.

DATED this 13th day of March, 2014.

ELSAESSER JARZABEK ANDERSON
ELLIOTT & MACDONALD, CHTD.


*/s/ Bruce A. Anderson*
Bruce A. Anderson
Attorney for Debtor

# NOTICE OF OPPORTUNITY TO RESPOND
# AND REQUEST A HEARING

**If you object to the relief in this motion or wish the Court reconsider its Order, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the motion. The responding party shall schedule a hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

**NOTICE OF HEARING**
**Date: _____**
**Time:_____**
**Location:_____**

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

MOTION FOR APPOINTMENT OF FUTURE
CLAIMS REPRESENTATIVE AND
OPPORTUNITY TO OBJECT AND
FOR A HEARING- 6

CERTIFICATE OF SERVICE

I, Deena Anderson, declare as follows:

I am employed by Elsaesser Jarzabek Anderson Elliott & Macdonald, Chtd., Coeur d'Alene, Idaho; I am over the age of eighteen years and not a party to this action; the firm's business address is 320 East Neider Avenue, Suite 102, Coeur d'Alene, Idaho 83815.

I certify that on March 13, 2014, I served the foregoing MOTION FOR APPOINTMENT OF FUTURE CLAIMS REPRESENTATIVE AND OPPORTUNITY TO OBJECT AND FOR A HEARING on all ECF participants as indicated on the Court's ECF system.

Additionally, by regular first class mail, I mailed a copy to the following members of the Unsecured Creditors Committee:

Thomas A. Lozeau, Jr., P.O. Box 294, Ronan, MT 59864
Susan Lefthand Dowdall, 32722 S. Finley Point Road, Poulson, MT 59860
Dana Short, 306 S. Yellowstone, Bozeman, MT 59718
David "Scott" Johnson, 710 Preston Avenue, Thompson Falls, MT 59718
Laurell Charette, 73011 Highway 93, St. Ignatius, MT 59865
Minton Nomee, Sr., P.O. Box 11, Usk, WA 99180
Duretta Billadeaux, P.O. Box 240, St. Ignatius, MT 59865

Additionally, by regular first class mail, I mailed a copy to the following non-ECF parties who have requested notice:

Jacquelyn Frank, Anderson ZurMuehlen & Co., PC, P.O. Box 1040, Helena, MT 59624

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 13, 2014

    /s/ *Deena Anderson*
    Deena Anderson, Legal Assistant

MOTION FOR APPOINTMENT OF FUTURE
CLAIMS REPRESENTATIVE AND
OPPORTUNITY TO OBJECT AND
FOR A HEARING- 7