UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In Re:

Roman Catholic Bishop of Helena, Montana,
a Montana Religious Corporation Sole,

Debtor-In-Possession

Chapter 11

Case No. 14-60074

**ORDER (A) APPROVING DISCLOSURE STATEMENT, (B) ESTABLISHING
PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES, AND
(C) SETTING HEARING ON CONFIRMATION OF JOINT PLAN**

A hearing having been held on January 14, 2015 (the "Hearing"), to consider the motion dated December 12, 2014 (the "Motion")[1] of Roman Catholic Bishop of Helena, Montana (the "Debtor") and the Official Committee of Unsecured Creditors of Roman Catholic Bishop of Helena, Montana (the "Committee")(collectively, the "Proponents") for an Order (i) approving the Disclosure Statement (the "Disclosure Statement"), pursuant to Section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), relating to the Plan filed by the Proponents dated December 12, 2014 (as such Plan may be modified from time to time, the "Plan"), (ii) establishing the procedures for solicitation and tabulation of votes to accept or reject the Plan pursuant to Sections 1125 and 1126 of the Bankruptcy Code and Rules 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and (iii) setting a time and date for the Plan Confirmation Hearing and deadlines for objections and voting, and it appearing from the affidavit of service on file with this Court that proper and timely notice of the Hearing has been given; and it appearing that such notice was adequate and appropriate with respect to all affected parties; and the appearances of all interested parties having been noted in the record of

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

the Hearing; and the Proponents having made the conforming additions, changes, corrections and deletions to the Disclosure Statement as necessary to comport with the record of the Disclosure Statement Hearing; and the Proponents having filed such amended and revised Disclosure Statement on the Docket for this case [Docket #419]; and upon the Motion, and all of the proceedings heretofore had before the Court; and the Court having considered the adequacy of the Disclosure Statement and the materials to be transmitted therewith; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

ORDERED, FOUND AND DETERMINED THAT:

1. The Disclosure Statement, as the same may be amended and modified to reflect any modifications that the Proponents determine to be appropriate, which do not materially change the Disclosure Statement or materially affect any rights of a party in interest, be, and it hereby is, approved as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code.

2. The time, place, and date for hearing on confirmation of the Proponents' Joint Plan of Reorganization are as follows:

    a. Date - March 4, March 5, and March 6, 2015;
    b. Place - United States Bankruptcy Court, 6450 N. Mineral Drive, Coeur d'Alene, Idaho;
    c. Time - beginning 9:00 a.m (PST), March 4, 2015, and continuing as needed; and
    d. Voting Deadline and Deadline for Filing Objections of Confirmation of the Joint Plan – February 25, 2015, or 7 days before Confirmation Hearing.

3. A summary timeline for the deadlines and hearings approved in this Order are as follows:

      a.    Commencement of Plan Solicitation period/completion of service of Solicitation Packages – no later than January 24, 2015;

      b.    Deadline for Rule 3018(a) motions – 10 days before Confirmation Hearing;

      c.    Voting Deadline – February 25, 2015, or 7 days before Confirmation Hearing;

      d.    Objections to Confirmation – February 25, 2015, or 7 days before Confirmation Hearing; and,

      e.    Confirmation Hearing – March 4, 2015 and carrying over to March 5 and March 6, 2015, as necessary.

4.    The Balloting Agent shall mail solicitation packages (the "Solicitation Packages") containing copies of (i) this Disclosure Statement Approval Order, (ii) the Notice of Disclosure Statement Approval and Confirmation Hearing and (iii) the approved form of the Disclosure Statement (together with the Plan annexed thereto as "**Exhibit A**," which is filed with the Court at Docket #418) and Ballot, as appropriate. The Solicitation Packages will be mailed no later than January 24, 2015 (the "Solicitation Date") to (i) the attorneys for the Debtor; (ii) attorneys for the Committee and (iii) the Office of the U. S. Trustee (collectively, the "Notice Parties"), (iv) all persons or entities that filed proofs of claim on or before the date of the Notice of Disclosure Statement Approval and Confirmation Hearing, except to the extent that a claim was paid pursuant to, or expunged by, prior order of the Bankruptcy Court, (v) all persons or entities listed in the Debtor's Schedules of Assets and Liabilities or any amendment(s) thereof (the "Schedules"), as holding liquidated, noncontingent, and undisputed claims, in an amount greater than zero[2], (vi) all parties to executory contracts listed in the Schedules, (vii) the IRS, (viii) any entity that has filed with the Court a notice of transfer of a claim under Bankruptcy Rule 3001(e)

---

[2]    Bankruptcy Rule 3003(c)(2) provides in relevant part that "any creditor . . . whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated . . . who fails to [timely file a proof of claim] shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).

3

prior to the date of the Notice of Disclosure Statement Approval, (ix) any other known holders of claims against the Debtor, (x) state and local taxing authorities, (xi) the Attorney General for Montana, and (xii) the Center for Medicare and Medicaid Services; with the exception that the Balloting Agent is excused from mailing to entities from which Notices of the Disclosure Statement Hearing were returned as undeliverable by the United States Postal Service, unless the Balloting Agent is provided with accurate addresses for such entities on or before January 19, 2015.

5. In the case of Class 4 Claimants, (a) the Balloting Agent may serve one (1) Solicitation Package to counsel of record for all of such counsel's clients, provided that each counsel will receive a separate Ballot for each client, and (b) the Balloting Agent shall serve a Class 4 Tort Claim Ballot and Releases (with Province Channeled Claim) on Province Claimants (as described in Exhibit J of the Plan) and a Class 4 Tort Claim Ballot and Releases on all other Tort Claimants. On request, the Balloting Agent will provide counsel with additional Solicitation Packages.

6. In addition, pursuant to Bankruptcy Rule 3017(c), the form ballots (the "Ballots," and individually, a "Ballot") (substantially in the forms annexed hereto as **Exhibit A**) be, and they hereby are, approved and shall be distributed, along with a postage prepaid return envelope addressed to the Balloting Agent to the known holders of claims in those classes which are entitled to accept or reject the Plan.

7. In order to be counted as a vote to accept or reject the Plan, a Ballot must be properly executed, completed and delivered to the Balloting Agent (i) by mail in a return

envelope provided with each Ballot, (ii) by overnight courier or (iii) by personal delivery so that they are actually received by the Balloting Agent no later than 5:00 p.m. P.S.T. on February 25, 2015 (the "Voting Deadline").

8. Solely for the purpose of voting to accept or reject the Plan and not for the purpose of allowance of or distribution on account of a claim, and without prejudice to the rights of the Proponents in any other context, each claim within a class of claims entitled to vote to accept or reject the Plan be, and it hereby is, temporarily allowed in an amount equal to the amount of such claim as set forth in a timely filed proof of claim or, if no proof of claim was filed, the amount of such claim as set forth in the Schedules; provided, however, that:

(a) If a claim is deemed allowed in accordance with the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b) If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(c) If a claim is listed in the Schedules at zero or as contingent, unliquidated, or disputed and/or a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an Order of the Court prior to the Voting Deadline, unless the Debtor has consented in writing, such claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(d) If the Debtor has served an objection to a claim at least ten (10) days before the Voting Deadline, the creditor whose claim is the subject of the objection shall receive a Ballot pre-printed with the amount sought by the Debtor in such objection, and;

(e) As to Class 4 Claims, each Claim will be temporarily allowed for voting purposes only in the amount of one dollar ($1.00).

9. In accordance with paragraph 8(e), this temporary allowance is solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or

5

distribution on account of, a claim, and without prejudice to the rights of the Proponents or Non-Settling Insurers in any other context. This temporary allowance is not intended to affect, impair or diminish the Tort Claimants' rights against the Reorganized Debtor, Co-defendants or Non Settling Insurers.

10. Any creditor that challenges the allowance of its claim for voting purposes pursuant to the foregoing paragraph of this Order be, and hereby is, directed to serve upon (a) attorneys for the Debtor, Elsaesser Jarzabek Anderson Elliott & Macdonald, Chtd., J. Ford Elsaesser, Esq. and Bruce A. Anderson, Esq., 320 East Neider Avenue, Suite 102, Coeur d'Alene, ID 83815 and; (b) attorneys for the Committee, Pachulski Stang Ziehl & Jones LLP, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067, Attn: James I. Stang, Esq. and 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Ilan D. Scharf, Esq., (collectively, the "Notice Parties"), and file with the Court (with a copy to Chambers) a motion for an Order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for purposes of voting to accept or reject the Plan on or before ten days before the date set for the hearing on the confirmation of Debtor's Plan. In respect of any such motion timely filed with the Court, the Ballot in question shall not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing.

11. The Debtor is not required to provide Ballots to the holders of claims in Class 1, Class 2, Class 3, Class 7, Class 8, and Class 9. The members of the foregoing Classes shall receive a Notice of Non-Voting Status (substantially in the forms annexed to the Motion as

"**Exhibit D**"), along with copies of this Order and the Notice of Disclosure Statement Approval and Confirmation Hearing.

12. The Balloting Agent shall utilize the following procedures in mailing Solicitation Packages:

(a) Creditors in any given class who hold multiple or duplicate claims against the Debtor in a single class shall receive only one (1) Solicitation Package and one (1) Ballot;

(b) Creditors who hold multiple or duplicate claims against the Debtor in multiple classes shall receive only one (1) Solicitation Package and one (1) Ballot;

(c) Creditors who have filed proofs of claim on or before Claims Bar Date and who are also listed in the Schedules shall receive only one (1) Solicitation Package and one (1) Ballot;

(d) Creditors who have provided more than one address shall receive one (1) Solicitation Package and one (1) Ballot for each address provided, and;

(e) In the case of Class 4 Claimants, the Balloting Agent shall send that Ballot to counsel of record for all of such counsel's clients. Counsel of record will be ascertained based on the creditor's proof of claim or a notice of appearance filed in the Cases.

13. In tabulating the Ballots, the following additional procedures shall be utilized: (a) any Ballot that is properly completed, executed and timely returned to the Balloting Agent but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall be deemed a vote to accept the Plan; (b) if a creditor or interest holder manually changes the amount of its claim on the Ballot he or she receives, the Ballot shall be counted, for voting purposes only, in the pre-printed number or amount; (c) if a creditor or interest holder, or any person acting on behalf of a creditor or interest holder under applicable law, casts more than one Ballot voting the same claim or interest before the Voting Deadline, the latest dated Ballot received before the Voting Deadline shall be deemed to reflect the voter's

intent and thus to supersede any prior Ballots; (d) creditors and interest holders must vote all of their claims or interests within a particular class, either to accept or reject the Plan and may not split their votes within a particular class; thus, a Ballot (or a group of Ballots) within a particular class received from a single creditor that partially rejects and partially accepts the Plan shall be deemed to have voted to accept the Plan; and (e) the person signing the creditor's proof of claim may complete and sign the creditor's Ballot. Late Ballots may be used to tabulate the acceptance threshold under the Province Settlement (as defined in the Plan), the Province Alternate Settlement (as defined in the Plan), or the terms of the settlement described in the Term Sheet (as defined in the Plan) even if such Ballots are not used to tabulate acceptance or rejection of the Plan. The releases, certifications and consents in the Class 4 Ballots shall be and shall remain valid, binding and enforceable upon delivery to the Province pursuant to and in accordance with the Province Escrow Agreement notwithstanding that such Ballots are late, provided that the Province Settlement, the Province Alternate Settlement or the settlement described in the Term Sheet is approved by the Bankruptcy Court or another court of competent jurisdiction.

14. The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

    (a) any Ballot received after the Voting Deadline unless the Debtor shall have granted in writing an extension of the Voting Deadline with respect to such Ballot;

    (b) any Ballot that is illegible or contains insufficient information to permit the identification of the creditor or interest holder;

    (c) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

    (d) any Ballot cast for a claim scheduled in the amount of $0, or as unliquidated, contingent, or disputed for which no proof of claim was timely filed;

      (e)    any unsigned Ballot, and;

      (f)    any Ballot transmitted to the Balloting Agent by facsimile, email or other electronic means.

15. In addition to the Debtor's right to solicit acceptance of the Plan, the Debtor shall be permitted to contact creditors and interest holders in an attempt to cure the deficiencies specified herein.

16. Subject to paragraph 13 above, for purposes of determining whether the numerosity and claim or interest amount requirements of Sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, the Debtor shall tabulate only those Ballots cast by the Voting Deadline.

17. Mailing the Solicitation Packages in accordance with this Order constitutes adequate notice of the Confirmation Hearing and the Voting Deadline under Bankruptcy Rule 3017(d).

18. The Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate this Order.

19. Montana Local Rule 3017-1 is hereby waived.

DATED: January 21, 2015

*/s/ Terry Myers*

TERRY L. MYERS
U. S. BANKRUPTCY JUDGE